# FILED

APR 04 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

GREGORY SMITH,

Plaintiff-Appellee,

v.

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

Defendant-Appellant.

No.    16-15319

D.C. No. 4:15-cv-00022-RCC

MEMORANDUM[*]

GREGORY SMITH,

Plaintiff-Appellant,

v.

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

Defendant-Appellee.

No.    16-15413

D.C. No. 4:15-cv-00022-RCC

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted March 16, 2017
San Francisco, California

Before: TALLMAN and WATFORD, Circuit Judges, and GUIROLA,[**] Chief District Judge.

**1.** We vacate the district court's order affirming the denial of Gregory Smith's request for short-term disability benefits. In issuing that decision, the district court appeared to apply the ordinary abuse of discretion standard of review. In this case, however, a more searching review of Reliance's decision to deny benefits is required by virtue of the fact that Reliance was responsible both for paying benefits and for administering the claims review process. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965–68 (9th Cir. 2006) (en banc). While this structural conflict of interest does not alter the standard of review, it is a factor to be weighed in determining whether a plan administrator abused its discretion. *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 929 (9th Cir. 2012); *Abatie*, 458 F.3d at 967. On remand, in determining the level of skepticism to apply to Reliance's decision, the district court should take into account the likelihood that the structural conflict of interest affected Reliance's decision to deny Smith's request for short-term disability benefits, *Stephan*, 697 F.3d at 929, any record of

---

[**] The Honorable Louis Guirola, Jr., Chief United States District Judge for the Southern District of Mississippi, sitting by designation.

Reliance's self-dealing, *Abatie*, 458 F.3d at 968, and the fact that Reliance relied on a paper review of Smith's medical records rather than an in-person medical evaluation, *Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 630 (9th Cir. 2009).

**2.** We vacate the district court's award of long-term disability benefits based solely on Reliance's failure to issue a denial of the claim within the 90-day limit imposed by ERISA. 29 C.F.R. § 2650.503-1(f)(1). Reliance's failure to comply with ERISA's procedural requirements cannot on its own justify an award of benefits under the policy, although it may alter the standard of review. *See Gatti v. Reliance Standard Life Ins. Co.*, 415 F.3d 978, 984–85 (9th Cir. 2005); *McKenzie v. Gen. Tel. Co. of Cal.*, 41 F.3d 1310, 1315 (9th Cir. 1994).

On remand, the district court should determine whether the procedural violation caused Smith substantive harm such that *de novo* review of Reliance's benefits determination is appropriate. *See Gatti*, 415 F.3d at 984–85. If Smith did not suffer substantive harm as a result of the violation, the court should review Reliance's denial of long-term disability benefits under the same abuse of discretion standard that governs its review of the denial of short-term disability benefits, while according the procedural violation appropriate weight. *See Abatie*, 458 F.3d at 972.

Smith is incorrect in arguing that *Harlick v. Blue Shield of California*, 686 F.3d 699 (9th Cir. 2012), supports the district court's decision. In *Harlick*, plan administrators gave one reason for denying the claimant's claim during the administrative process, but then asserted a new reason during litigation in federal court defending that decision. *Id.* at 705–06, 719. We held that the plan administrators could not invoke, for the first time in litigation, grounds held in reserve as the basis for denying benefits. *Id.* at 719–21. Here, by contrast, Reliance has never asserted conflicting reasons for denying benefits. Reliance denied short-term disability benefits on the ground that Smith had a pre-existing condition. It asserts the same basis for its denial of long-term disability benefits. While Reliance failed to issue a denial before litigation began, it has not attempted to invoke a new and different ground for the denial, held in reserve, for the first time in litigation.

3. Because the district court committed clear error by failing to determine whether Reliance's procedural violation caused Smith substantive harm, we vacate the court's denial of reconsideration of its award of long-term disability benefits. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

4. Because we vacate the district court's award of long-term disability benefits, we also vacate the court's award of attorney's fees.

Each party shall bear its own costs on appeal.

**VACATED and REMANDED.**